[No. 6204.]

JAMES STEVENS *v.* S. A. DE CARDONA AND EUFROSINA DE CARDONA ET AL.

CONSTRUCTION OF MORTGAGE.—A stipulation in a mortgage that in case of default in the payment of the interest upon the note, secured by the mortgage, on or before the 5th day of any month, to the agent of the mortgagee, the agent should take charge of the mortgaged premises, collect the rents, deduct interest, and pay the excess to the mortgagor, does not conflict with a previous stipulation in the same mortgage, that in default of payment of interest for a period of sixty days, the mortgagee might at his option consider the principal sum due and foreclose.

SAME—EXPENDITURES FROM RENT MONEY.—Although by a provision of the mortgage it was covenanted that in case the mortgagor did not keep the property fully insured, or did not pay all taxes and assessments, the mortgagee might pay the same and have his lien therefor with interest, yet the agent named in the second of the stipulations was not authorized to pay

such taxes, or assessments, or premium insurance, or make other like expenditures out of the rents received, and thereby, perhaps, reduce the amount received as rents below the interest to be paid on the note and mortgage, and set running the sixty days mentioned in the first of the stipulations.

APPEAL from the District Court of the Seventeenth Judicial District, Los Angeles County.

The action was brought to foreclose a mortgage given to secure the payment of a promissory note, in terms as follows :

" $45,000.        LOS ÁNGELES, March 29th, 1877.

" Three years after date, without grace, for value received, we, or either of us, promise to pay to James Stevens or order the sum of forty-five thousand dollars in gold coin of the United States, with interest thereon in like gold coin from date until paid, at the rate of one and one-eighth $(1\frac{1}{8})$ per cent. per month. Said interest to be paid monthly, and if not so paid then to be added to the principal sum and bear like rate of interest.        (Signed)

" S. A. DE CARDONA,
" EUFROSINA D. CARDONA.

The mortgage, which was of the same date as the note, contained this clause :

" If default shall be made in the payment of the said sum of money, or any part thereof, as provided in said note, or if the interest that may grow due thereon, or any part thereof, shall be behind and unpaid for the space of sixty days after the same should have been paid, according to the terms of said promissory note, then, and from thenceforth, it shall be optional with said party of the second part, his executors, administrators, and assigns, to consider the whole of said principal sum expressed in said note as immediately due and payable, although the time expressed in said note for the payment thereof shall not have arrived, and immediately to enter into and upon all and singular the premises hereby granted, or intended so to be, and to sell and dispose of the same, and all benefits and equity of redemption of the said parties of the first part, their heirs, executors,

administrators, or assigns, according to law; and out of the money arising from such sale to retain the principal and interest," etc. And also the following: "The parties of the first part further stipulate and agree to pay the interest on said note, and this mortgage, on or before the 5th day of each month, during the existence of this mortgage, to E. N. McDonald, who has been appointed by said party of the second part, his agent, for the purpose of receiving said interest; and in the event of the failure of the parties of the first part to pay said interest to said McDonald on or before the 5th day of each month as aforesaid, then, and in that case, the parties of the first part agree that said McDonald shall take charge of the property hereby mortgaged, and collect the rents thereof, and deduct therefrom the amount of said interest, paying the remainder, if any, to the parties of the first part."

The mortgage further stipulated: "And the said parties of the first part do hereby further covenant, promise, and agree, to and with the said party of the second part, to pay and discharge at maturity all such taxes or assessments, liens or other incumbrances now subsisting or hereafter to be laid or imposed upon said premises or upon this mortgage or the money secured hereby, or which may be in effect a prior charge thereupon, during the continuance hereof, and in default thereof, the said party of the second part may pay and discharge the same, and may at his option keep fully insured against all risks by fire, the buildings which are now or may be hereafter erected thereon, at the expense of the said parties of the first part, and the sums so paid shall be repayable in the same kind of money or currency in which the same may have been paid, and shall bear interest at the rate of one and one-eighth per cent. per month, and shall be considered as secured by these presents, and be a lien upon the said premises, and shall be deducted from the proceeds of the sale thereof, above mentioned, [foreclosure sale] with interest as herein provided."

The interest was paid for the months of May, June, and July, 1877, but in September following, the defendants having failed to make the payments, the agent for the plaintiff took possession of the property, and thereafter proceeded to collect and

disburse the rents, paying taxes, insurance, and repairs, before interest on the note. This action was commenced May 2nd, 1878, the plaintiff claiming that by the terms of the mortgage the debt secured thereby was due, by reason of a default in the payment of the interest for more than sixty days—the total amount of interest paid being two thousand eight hundred and eighty-eight dollars and eighty-two cents. Judgment was rendered for the plaintiff, and the defendants appealed.

*F. P. Ramirez*, for Appellants.

*Thom & Ross,* for Respondents, relied upon *Sharpe* v. *Arnott*, 51 Cal. 188, and *Bank of San Luis Obispo* v. *Johnson, ante*, p. 99.

By the Court, McKINSTRY, J.:

The stipulation in the mortgage, that in case of default in the payment of the interest, on or before the 5th of any month, to McDonald, agent, he should take charge of the mortgaged premises, collect the rents, deduct interest, and pay excess to mortgagor, does not necessarily conflict with the previous stipulation, that in default of payment of interest for a period of sixty days the mortgagee might consider the principal sum due and foreclose.

By the stipulation first mentioned, if the mortgagor failed to pay interest, or any part thereof, on the 5th of any month, McDonald would have the right to collect the rents and apply the same to the payment of interest. McDonald might pay out of the rents received such sums as by the contracts between the mortgagor and the tenants in possession were to be paid by the former, but he was not authorized to pay taxes or make other expenditures *merely* because the mortgagee, by the terms of the mortgage, had the right to make them (and to have his lien therefor) in case they were not paid by the mortgagor. To construe the stipulation as authorizing the agent, McDonald, to make such expenditures, would be to construe it as authorizing him to pay such sums as would, perhaps, reduce the rents received, so that they would be insufficient to meet the interest,

and thus set the sixty days running contrary to the meaning and intent of the covenants of the mortgage.

Judgment and order reversed, and cause remanded for a new trial.